(12 Misc. Rep. 535.)

### In re BOARD OF STREET OPENING AND IMPROVEMENT.

#### In re 135TH ST.

(Supreme Court, Special Term, New York County. May, 1895.)

MUNICIPAL CORPORATIONS—OPENING STREETS.
   The board of street opening and improvement is not required to take final action, in the matter of opening a new street, on the day specified in the published notice for the consideration thereof, but may lay it over for further consideration.

At chambers. Application by the board of street opening and improvement, relative to opening 135th street, between Amsterdam avenue and the Boulevard. Petitioner moves for the appointment of commissioners of estimate and assessment. Granted.

Francis M. Scott (Henry De Forest Baldwin, of counsel), for petitioner.
James A. Deering, for respondent.

BEEKMAN, J.   Two objections are made to this proceeding: (1) That under section 94 of the New York City consolidation act the consent of the mayor, aldermen, and commonalty, in common council convened, is necessary to the laying out of a new street, and that as such consent was not obtained in this case the court has no jurisdiction to appoint commissioners of estimate and assessment. (2) That the proceedings to close 135th street as it formerly was were not had in accordance with the statute, for the reason that the board of street opening and improvement did not consider and finally dispose of the matter on the day specified in the published notice for the consideration of the same.

As to the first objection.   I have already held, in the matter of the opening of 136th street, that section 94 does not qualify or affect the power of the board of street opening and improvement, and that the consent of the common council to any action which they may take is unnecessary.

As to the second objection.   The affidavit of the secretary of the board shows that the matter was considered on the day mentioned in the notice, and was then laid over for further consideration and action at the next regular meeting of the board, when it was finally acted upon and the street closed.   There is nothing in the statute or in reason which demanded that final action should be taken on the day specified in the notice.   It was the duty of the board to act in the matter with all the deliberation which, in their judgment, the case might require, and if it was found that further consideration than that which could be given to it on the day fixed in the notice was necessary, it was not only eminently proper, but entirely within the power and jurisdiction of the board, to lay the matter over for that purpose.   The object of the notice was to afford those interested an opportunity for appearing before the board and presenting such arguments as they might wish to offer upon the subject; and it would certainly be restrictive of the purpose for which notice is required to be given, to hold that the board shall have no time to consider such arguments, but must finally act upon the matter at the meeting fixed for the first consideration of the subject.

The objections raised are not tenable, and the motion should be granted.